**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAMEL TALAL KAMEL; et al., | No. 17-72102 |
| Petitioners, | Agency Nos. A206-215-844 |
| v. | A206-215-845 |
| | A206-215-846 |
| WILLIAM P. BARR, Attorney General, | |
| | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 1, 2020
Pasadena, California

Before: FERNANDEZ and LEE, Circuit Judges, and ORRICK,** District Judge.

Petitioner Kamel Talal Kamel,[1] a native and citizen of Iraq, timely petitions

for review of a Board of Immigration Appeals ("BIA") decision dismissing his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

[1] Kamel's wife Yusra Saad Tawfeeq and their daughter Wid Kamil Talal Al Abayechi filed derivative applications. *See* 8 U.S.C. § 1158(b)(3)(A).

appeal from an immigration judge's ("IJ") denial of his application for asylum,[2] withholding of removal,[3] and protection under the Convention Against Torture ("CAT").[4] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition because substantial evidence supports the BIA's decision. *See Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir. 2008).

To be eligible for asylum based on a well-founded fear of future persecution, Kamel must demonstrate that his subjective fear of harm in Iraq is objectively reasonable. *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). He can satisfy the objective component by showing either that "there is a 'reasonable possibility' that he will be 'singled out individually for persecution' if removed" or that "there is a systematic 'pattern or practice' of persecution against the group to which he belongs in his home country." *Id.* (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

Kamel argues that his credible testimony and the evidence in the record establish that his fear of future persecution in Iraq is objectively reasonable. He asserts that he is likely to be individually targeted because of his moderate political

---

[2] 8 U.S.C. § 1158(a)(1).

[3] 8 U.S.C. § 1231(b)(3)(A).

[4] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

views, his years spent living outside of Iraq, and his and his family's connections to the United States. And he contends that moderate Sunni Muslims and individuals who collaborate with the United States face a pattern or practice of persecution in Iraq.

Substantial evidence supports the BIA's contrary conclusion. Kamel was never threatened or harmed when he lived in Iraq despite his work in the Green Zone providing contracting services to the United States military. Nor was Kamel's father ever targeted despite his company's work with United States forces.[5] Contrary to Kamel's argument, neither the IJ nor the BIA ignored or misunderstood the country conditions evidence he submitted, which does not compel a finding that either group he identified faces a pattern or practice of persecution. Although the record reflects widespread violence in Iraq, Kamel "cannot simply prove that there exists a generalized or random possibility of persecution in his native country; he must show that he is at particular risk." *Kotasz v. INS*, 31 F.3d 847, 852 (9th Cir. 1994).

We decline to decide whether it was appropriate for the IJ and BIA to consider Kamel's return travels to Iraq, during which he was protected by armed security, because the decision finds sufficient support without relying on that

---

[5] Kamel's petition does not meaningfully challenge the IJ's finding, cited by the BIA, that the individuals associated with his father's company were abducted not because of that connection but for being Shia Muslim and Christian.

17-72102

evidence.  Because Kamel failed to present his arguments about the special immigrant visa program to the BIA, we lack jurisdiction to consider them.  8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).  The same substantial evidence supports the denial of Kamel's claim for withholding of removal.  *See Wakkary*, 558 F.3d at 1060.

Finally, substantial evidence supports the Agency's denial of Kamel's claim for CAT protection.  Without any tie to Kamel, evidence of even widespread violence and torture in Iraq cannot compel a finding that it is more likely than not that he would be tortured if returned.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

Petition for review **DENIED**.